UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER ROSE LAVENDER,<br><br>                   Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy<br>Commissioner of Social Security for<br>Operations,<br><br>                   Defendant. | CASE NO. C17-5766-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Amber Rose Lavender proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1980.[1] She completed 10th grade with special education,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

and has worked as a factory sorter. (AR 52, 59-60, 321.)

Plaintiff protectively applied for SSI in April 2014. (AR 123, 284-90.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 208-15, 219-27.)

On February 22, 2016, ALJ Marilyn Mauer held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 95-122.) On April 1, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 1`-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 26, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since April 28, 2014, the alleged onset date. (AR 24.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's history of alcohol abuse in claimed remission; learning disorder; depressive disorder, not otherwise specified; anxiety disorder; and borderline intellectual functioning. (AR 24-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26-28.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with some additional limitations: she can frequently handle and finger. She can perform simple, routine, and repetitive tasks, consistent with reasoning level 1. (AR 28-35.)

Because Plaintiff has no past relevant work (AR 35), the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing representative occupations such as commercial cleaner, conveyer feeder, machine feeder, housekeeping cleaner, produce sorter, advertising material distributor, and bench hand clock and watch repairer. (AR 35-36.) Thus, the ALJ found Plaintiff not disabled. (AR 36.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding that Crohn's disease was not a severe impairment at step two; (2) discounting her subjective symptom testimony; (3) assessing certain

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

medical opinions; and (4) discounting statements written by Plaintiff's fiancé, Peter Laserinko.[2] Plaintiff argues these errors should be remedied by a remand for a finding of disability, or administrative proceedings in the alternative. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

### Crohn's disease

The ALJ found that Plaintiff's Crohn's disease was not a severe impairment because in February 2012, imaging revealed no evidence of Crohn's disease and 2016 treatment notes described her Crohn's disease as "well-controlled" on medication. (AR 24 (citing AR 393, 564).) At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28).

Plaintiff argues that although 2016 treatment notes described her Crohn's disease as controlled by medication, it may not have been controlled earlier, such as when she was examined by Ron Nielsen, M.D., in September 2014 and reported experiencing up to 12 bowel movements

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 14. Accordingly, these issues will not be analyzed separately.

per day. (*See* AR 453.) Dr. Nielsen did not describe any workplace limitations caused by Crohn's disease, however, and thus his opinion does not suggest that this condition was severe. (AR 453-57.) Furthermore, although Dr. Nielsen noted that objective evidence verified Plaintiff's Crohn's disease diagnosis (AR 453), the ALJ did not dispute that Plaintiff had been diagnosed with this condition and thus Dr. Nielsen's opinion in this regard is not inconsistent with the ALJ's decision. Dr. Nielsen did not cite any evidence of Plaintiff's Crohn's disease symptoms, beyond her self-reported bowel movements, and the ALJ did not err in finding that the objective medical evidence contradicted Dr. Nielsen's opinion. (AR 24-25.) Plaintiff has not pointed to any credited evidence suggesting that her Crohn's disease was a severe impairment, and therefore has failed to meet her burden to show a harmful step-two error.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1) her allegedly disabling conditions were treated minimally and her treatment record indicates higher functioning than the examining providers' opinions indicated; (2) she made inconsistent statements; and (3) she has a poor work history and providers have noted that she "has a significant disability focus[,]" suggesting she lacks motivation to work. (AR 29-32.) Plaintiff does not explicitly challenge any of these particular lines of reasoning, but argues that the ALJ erred in failing to explicitly explain why she rejected the uncontrollable bowel movements Plaintiff reported to Dr. Nielsen, and her need for reminders to complete tasks and difficulty remembering instructions, as described by examining physician Jennifer Irwin, M.D. Dkt. 12 at 13-14.

The ALJ did explain why she rejected those limitations, however. The ALJ found that Plaintiff's report of frequent bowel movements was inconsistent with the medical evidence revealing no evidence of Crohn's disease in 2012 and describing the condition as "controlled" in

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

2016. (AR 24-25.) The ALJ also explained that she discounted Dr. Irwin's opinion that Plaintiff would have difficulty performing work activities on a consistent basis without special or additional instruction due to memory and learning problems, in light of the dearth of evidence that Plaintiff had developed additional cognitive or social limitations since her most recent administratively final finding of non-disability, wherein she was not found to require social restrictions or cognitive restrictions more severe than found by the current ALJ. (AR 33-34.) These findings are sufficient to show that the ALJ did not arbitrarily discredit the limitations at issue. *See Brown-Hunter v. Colvin,* 806 F.3d 487, 493, (9th Cir. 2015) ("A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991))). As such, the ALJ's findings in this regard are affirmed.

### Medical evidence

Plaintiff argues that the ALJ erred in discounting opinions written by Dr. Irwin and examining psychologist Kimberly Wheeler, Ph.D. Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### Dr. Irwin

Dr. Irwin examined Plaintiff in September 2014, and her functional assessment reads as follows:

> The claimant is capable of managing her funds. She has the ability to perform simple and repetitive tasks. She would have difficulty with detailed and complex tasks as observed on the mental status examination. She had some difficulty accepting instructions from supervisors as observed on the mental status examination.
>
> She would have difficulty interacting with coworkers and the public due to her panic disorder. She would have difficulty performing work activities on a consistent basis without special or additional instruction due to memory problems as well as learning problems. She can maintain regular attendance in the workplace. She would have difficulty completing a normal workday/workweek without interruption from a psychiatric condition. She would have difficulty dealing with the usual stress encountered in the workplace. This was observed during the evaluation.

(AR 462-63.) The ALJ summarized Dr. Irwin's findings, and explained that she assigned only "some weight" to Dr. Irwin's opinion because she was not a treating provider and appeared to rely heavily on Plaintiff's self-report. (AR 33.) The ALJ emphasized that Dr. Irwin's opinion was consistent with her own finding that Plaintiff could perform simple, routine, repetitive tasks. (AR 33-34.) The ALJ went on to note that in Plaintiff's prior ALJ decisions, Plaintiff was not found more limited than as provided in the current RFC assessment, and that there was no recent medical evidence suggesting Plaintiff's mental functioning had declined since the most recent previous decision. (AR 34.)

The ALJ was entitled to discount Dr. Irwin's opinion to the extent she relied on Plaintiff's self-reporting, given that the ALJ provided unchallenged reasons to discount Plaintiff's self-report. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements."). Dr. Irwin did review some records, most of which

consisted of Plaintiff's self-report. (AR 459.) The ALJ did not err in finding that Dr. Irwin's opinion was rendered with heavy reliance on Plaintiff's self-report, or in discounting it on that basis.

The ALJ also noted that the recent treatment record did not establish that Plaintiff's mental condition had deteriorated since the time of the prior administratively final ALJ decision. (AR 34.) Even if, as Plaintiff argues, Dr. Irwin's opinion itself constitutes evidence suggesting that Plaintiff's condition had deteriorated since the time of the prior ALJ decision, the ALJ reasonably found that the more recent medical records did not corroborate Dr. Irwin's opinion of disabling mental symptoms: as referenced by the ALJ elsewhere in the decision (AR 31-32), Plaintiff engaged in only a few months of mental health treatment around the time of Dr. Irwin's evaluation, and was discharged for meeting treatment goals after she started taking lithium. (AR 488-522.) The ALJ did not err in considering whether Dr. Irwin's opinion was consistent with the remainder of the medical record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Dr. Wheeler

Dr. Wheeler examined Plaintiff in December 2015, and opined that Plaintiff had marked limitations in a few cognitive areas as well as in her ability to communicate and perform effectively in a work setting. (AR 553-57.)

The ALJ noted that Dr. Wheeler was not a treating provider, and also found that her DSHS form opinion contained inconsistencies that undermine the veracity of Plaintiff's allegations. Specifically, when Dr. Wheeler asked Plaintiff whether she had ever tried to find a job with simple tasks, such as sorting clothes at Goodwill, Plaintiff responded: "[N]o, that's not my thing. It's not

that I don't want a job, but the right job. And in town." (AR 556.) Dr. Wheeler asked whether Plaintiff had ever consulted the Division of Vocational Rehabilitation, and Plaintiff said no. (*Id*.) Dr. Wheeler also noted that Plaintiff "[c]ontinue[d] to present herself as having [a] significant mood disorder, but [I am] still not seeing a lot in this area." (*Id*.) The ALJ found that these inconsistencies noted by Dr. Wheeler were nonetheless relied upon by Dr. Wheeler in rendering her opinion, which undermined Dr. Wheeler's opinion. (AR 34.) Notably, Dr. Wheeler diagnosed Plaintiff with a mood disorder (AR 554), and checked both "yes" and "no" in response to whether vocational training or services would minimize or eliminate Plaintiff's barriers to employment (AR 556). The ALJ did not err in finding that internal inconsistencies within Dr. Wheeler's opinion undermined the probative value of her opinion. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

### Lay statements

Mr. Laserinko completed two statements describing Plaintiff's physical and mental symptoms and limitations. (AR 337-44, 379-81.) The ALJ summarized Mr. Laserinko's statements and found that they were "not consistent with the overall record and are not consistent with the claimant's presentation to treating and examining providers." (AR 32.)

An ALJ's reasons to discount a lay statement must be germane. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Plaintiff argues that the ALJ's reasoning was not germane because Mr. Laserinko's statements were consistent with the opinions of Drs. Nielsen, Irwin, and Wheeler. Dkt. 12 at 12; Dkt. 14 at 8. But the ALJ discounted the opinions of Drs. Nielsen, Irwin, and Wheeler, explaining why they were undermined for various reasons. (AR 24-25, 33-35.) Thus, the Court rejects Plaintiff's contention that Mr. Laserinko's statements had, contrary to the ALJ's

finding, "strong clinical support." Dkt. 12 at 12.

Furthermore, although Plaintiff argues that the ALJ erred in finding some of Mr. Laserinko's statements to be inconsistent with the medical record generally, the Court finds that the ALJ's citation to evidence that contradicts the postural, mental, and social limitations described by Mr. Laserinko is sufficiently germane. *See Lewis*, 236 F.3d at 512 ("While the ALJ, in dismissing the family members' testimony, did not specify any inconsistent 'prior recorded statements,' he did note some arguably contradictory testimony at other points in his decision. . . . In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons."). Throughout the ALJ's decision, the ALJ explained why she rejected the alleged limitations described by Mr. Laserinko. (*See* AR 24-25, 29-32.) Thus, the ALJ did not err in discounting Mr. Laserinko's statements.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 1st day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge